## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

**CHARLES H. COOPER, JR.,**
as Administrator of the Estate of
**J.B.**

      **Plaintiff,**                                    Case No. 2:20-CV-3332

  **-vs-**                                                    JUDGE

**LONGWOOD FOREST PRODUCTS., et al,**

      **Defendants.**

## NOTICE OF REMOVAL

Please take notice that Defendants Longwood Forest Products, Inc., Wayfair, Inc., Wayfair LLC, and Wayfair Purchasing, LLC,[1] set forth the following short and plain statement of the grounds for removal of this action pursuant to 28 U.S.C. § 1332, § 1441 and § 1446. Defendants Longwood Forest Products, Inc., Wayfair, Inc., Wayfair LLC, and Wayfair Purchasing LLC hereby provide notice of their removal of this cause to the United States District Court for the Southern District of Ohio, Eastern Division for the following reasons:

1. On or about May 19, 2020, there was filed and is now pending in the Court of Common Pleas, Franklin County, Ohio, a certain civil action under Case No. 20CV003270, in which Charles H. Cooper, Jr. is the plaintiff and Longwood Forest Products, Inc., Wayfair, Inc., Wayfair LLC, Wayfair Purchasing, LLC, and "Angel Line" are named as defendants.

---

[1] "Angel Line," named as a defendant, is merely a trademark (No. 5,574,877, October 2, 2018), owned by Defendant Longwood Forest Products, Inc.

2. Plaintiff brings the lawsuit as administrator of the Estate of J.B, a deceased minor.

3. Plaintiff generally alleges that J.B., a minor, suffered personal injury and wrongful death as the result of a bunk bed alleged to be defective under Ohio's statutes applicable to product liability, Ohio Revised Code § 2307.71, *et. seq*.

4. While plaintiff does not specifically claim that the amount in controversy exceeds $75,000, plaintiff seeks, jointly and severally, from all defendants:

a) Compensatory damages for J.B.'s conscious pain, suffering and panic when allegedly lodged in the bunk bed;

b) Compensatory damages for J.B.'s conscious pain, suffering and panic when allegedly struggling to free himself;

c) Compensatory damages for J.B.'s conscious pain, suffering and panic when allegedly struggling to breath;

d) The alleged wrongful death of J.B.;

e) Punitive damages in connection with the foregoing; and,

f) Attorney fees.[2]

5. The U.S. Supreme Court holds that if there is not a specific demand, then the removing party needs to file a short and plain statement for the grounds for removal and has the burden to show that the amount in controversy is met. *Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014). In such cases, courts should consider "whether it is 'facially apparent' from the complaint

---

[2]Attorney fees can factor into the amount in controversy calculation when they are authorized by a relevant statute. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975). Here, Ohio Revised Code § 2721.16(b) provides that: "[a]n award of attorney's fees is authorized *** by an award of punitive or exemplary damages against the party ordered to pay attorney's fees."

2

that the damages are 'likely above' the jurisdictional amount in controversy. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57-58 (5th Cir. 1993)(addressing claims including wrongful death and terror in anticipation of death), cited with approval by *Estate of Millhon v. Unum Life Ins. Co. of Am.*, S.D. Ohio No. 2:08-cv-652, 2009 U.S. Dist. LEXIS 68299 (Aug. 5, 2009). Here, given the survivorship claim, wrongful death claim, punitive damage claim, and claim for authorized attorney fees, it is facially apparent that the claim exceeds the jurisdictional limit.

6. Defendants state that the above lawsuit involves a controversy with complete diversity of citizenship between citizens of different states, and the defendants affirmatively state further:

a) Upon information and belief, the plaintiff and plaintiff's decedent, were at all times citizens of the State of Ohio, and not residents of the states of incorporation or citizenship of the defendants.

b) Defendant Longwood Forest Products, Inc. is a corporation duly created and organized by and under the laws of the State of New Jersey with its principal place of business in the State of New Jersey, and was not and is not a corporation created or organized under the laws of the State of Ohio, nor does it have its principal place of business in the State of Ohio.

c) Defendant Wayfair, Inc. is a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Massachusetts, and was not and is not a corporation created or organized under the laws of the State of Ohio, nor does it have its principal place of business in the State of Ohio.

d) Defendant Wayfair LLC is a limited liability company created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Massachusetts, and was not and is not a corporation created or organized under the laws of the State of Ohio, nor does it have its principal place of business in the State of Ohio.

e) Defendant Wayfair Purchasing, LLC is a limited liability company created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Massachusetts, and was not and is not a corporation created or organized under the laws of the State of Ohio, nor does it have its principal place of business in the State of Ohio.

7. This matter involves a controversy between a plaintiff who is a resident of the State of Ohio and corporations incorporated and organized pursuant to the laws of states other than Ohio, and that have principal places of business in states other than Ohio.  Further, the amount in controversy involves more than $75,000.00, exclusive of interest and costs.  Accordingly, the District Court for the United States has jurisdiction over this lawsuit.

8. This Notice of Removal is timely filed within thirty (30) days after the first service of process issued to defendants on June 1, 2020.

9. Attached hereto and made part hereof as Exhibits are copies of the following documents filed by the plaintiff and defendants in the Court of Common Pleas, Franklin County, Ohio, under Case No. 20CV003270:

      Exhibit A. The plaintiff's complaint;

      Exhibit B. Notice of Appearance of Counsel for Edward G. Hubbard and Joseph A. Gerling; and,

      Exhibit C. Notice of Filing of Notice of Removal (exclusive of exhibits).

To the defendants' knowledge, no other documents or pleadings were filed with the state court in said lawsuit.

10.    Notice of the filing of this Notice of Removal has been given to all parties as required by law (Exhibit C.)  A true and correct copy of this Notice of Removal has been filed with the Clerk of the Court of Common Pleas, Franklin County, Ohio, as provided by law.

11.    Defendants file their Civil Cover Sheet and Supplemental Civil Cover Sheet separately.

WHEREFORE, the Defendants Longwood Forest Products, Inc., Wayfair, Inc., Wayfair LLC, and Wayfair Purchasing, LLC, pray that they may affect removal of the within action from the Court of Common Pleas, Franklin County, Ohio, to the United States District Court for the Southern District of Ohio, Eastern Division.

Respectfully submitted,

*/s/ Edward G. Hubbard*
Edward G. Hubbard (0067784)
Trial Attorney
Joseph A. Gerling (0022054)
**LANE, ALTON & HORST, LLC**
Two Miranova Place, Ste. 220
Columbus, Ohio 43215
Phone: 614-233-4731
Facsimile: 614-228-0146
Email: ehubbard@lanealton.com

**Of Counsel:**
Joseph A. Gerling (0022054)
jgerling@lanealton.com

*Attorneys for Defendants*
*Longwood Forest Products, Inc., Wayfair, Inc., Wayfair LLC, and Wayfair Purchasing, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 1, 2020, a copy of the foregoing was electronically filed with the Clerk of Courts via the Court's authorized electronic filing system, and served via electronic mail to the following:

Daniel R. Mordarski, Esq.
Law Offices of Daniel R. Mordarski LLC
5 East Long Street, Suite 1100
Columbus, OH 43215
dan@mordarskilaw.com
*Attorney for Plaintiff*

Charles Steven Rabold, Esq.
Benjamin F. Barrett Sr., Esq.
Miraldi and Barrett, Attorneys
6061 S. Broadway Ave.
Lorain, OH 44053
ben@mirbar.com
csrabold@hotmail.com
*Attorneys for Plaintiff*

*/s/ Edward G. Hubbard*
Edward G. Hubbard

6